NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMANUEL L. FINCH, Sr., <br><br>         Plaintiff-Appellant, <br><br>  v. <br><br> DET. BRADLEY GRAHAM; DET. CYNTHIA BROOKS, <br><br>         Defendants-Appellees. | No. 15-35971 <br><br> D.C. No. 3:15-cv-05305-RBL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted September 26, 2017[**]

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Washington state prisoner Emanuel L. Finch, Sr. appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging various

constitutional claims arising from his arrest and interrogation. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hooper v. County of*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*San Diego*, 629 F.3d 1127, 1129 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Finch's action on the basis that it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on Finch's claims would necessarily imply the invalidity of Finch's conviction or sentence, and Finch failed to prove that either has been invalidated. *See* 512 U.S. at 486-87 (holding that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must prove that the conviction or sentence has been invalidated).

The district court did not abuse its discretion by denying Finch's motion for an extension to conduct discovery because Finch failed to show how allowing discovery would have precluded summary judgment. *See Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth standard of review and requiring a movant to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

Finch's request to submit the case on the briefs (Docket Entry No. 17) is

granted.  All other pending motions are denied.

**AFFIRMED.**